# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MARJORIE SMITH,**

        **Claimant,**

v.                                                **Case No: 6:20-cv-41-Orl-DCI**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## MEMORANDUM OF DECISION

Marjorie Smith, o/b/o E.S., a minor child, (Claimant) appeals the Commissioner of Social Security's final decision denying Supplemental Security Income (SSI) benefits. Doc. 1. Claimant argues that he has established an entitlement to SSI and the Commissioner's determination that Claimant is not disabled is not supported by substantial evidence. *Id*. Claimant requests an award of SSI benefits or, in the alternative, remand to the Administrative Law Judge (ALJ) for development and a new hearing. Doc. 27 at 20. For the reasons set forth below, the Commissioner's final decision is **AFFIRMED**.

    **I.    Procedural History**

This case stems from Claimant's application for SSI. R. 17. Claimant, a child under the age of 18, alleges a disability onset date of November 1, 2011. The claim was initially denied on August 12, 2016, and upon reconsideration on September 9, 2016. A hearing was conducted and the ALJ issued an unfavorable decision on December 7, 2018. R. 34. The Appeals Council denied Claimant's request for review. R. 168-70.

## II.     Standard of Review

In order for an individual under the age of eighteen to be entitled to SSI disability payments, the claimant must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and . . . which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382c(a)(3)(C)(i); 20 C.F.R. § 416.906.

The Commissioner has established a specific sequential evaluation process for determining whether a child claimant is disabled or not disabled.  20 C.F.R. § 416.924.  The three-step process requires a child (or his guardian) to show: (1) that he is not working; (2) that he has a "severe" impairment or combination of impairments; and (3) that his impairment or combination of impairments is of listing level severity, that is, the impairment(s) meets or medically equals the severity of a set of criteria for an impairment in the listings, or functionally equals the listings. 20 C.F.R. § 416.924.

If a child claimant is not working and has a severe impairment, the fact finder must determine if the child's impairment(s) meets or medically equals an impairment in the listings.  20 C.F.R. § 416.924(a)-(d).  If the child's impairment(s) does not meet or medically equal a listed impairment, the fact finder then must determine if the child's impairment(s) is functionally equivalent to the listings.  20 C.F.R. §§ 416.924(d), 416.926a (discussing functional equivalence). For the child's impairment(s) to functionally equal the listings, the child's impairment(s) must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain.  20 C.F.R. § 416.926a(a).  The fact finder considers the child's functioning in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting

and relating with others; (4) moving about and manipulating objects; (5) caring for himself; and (6) health and physical well-being.  20 C.F.R. § 416.926a(b)(1).

## III. The ALJ's Decision

In the decision, the ALJ found that Claimant has the following severe impairments: autism spectrum disorder; attention-deficit/hyperactivity disorder (ADHD); and language disorder (20 CFR 416.924(c)).  R. 20.  The ALJ further found that Claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926). *Id*.  The ALJ found that Claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 CFR 416.924(d) and 416.926a).  R. 21.  Specifically, the ALJ found that Claimant had less than marked limitation in acquiring and using information, less than marked limitation in attending and completing tasks, less than marked limitation in interacting and relating with others, less than marked limitation in moving about and manipulating objects, no limitation in the ability to care for himself, and no limitation in health and physical well-being.  R. 25-33.  Ultimately, the ALJ determined that "claimant has not been disabled, as defined in the Social Security Act, since March 29, 2016, the date the application was filed (20 CFR 416.92(a))."  R. 34.

## IV. Discussion

### A. Issue No 1:  Whether the ALJ failed to properly develop the record in assessing E.S.'s below age-equivalence scores as administered by his therapist and the consultative examiner.

Claimant asserts that he tested below his age-level equivalence from two different examiners.  Doc. 27 at 9.  Claimant states that in October 2015, when he was 7 years old and 3 months, he had the test age equivalent score of 5 years, 1 month.  *Id*.  Claimant also states that he

had a consultative examination on June 16, 2016, when he was 7 years old, 11 months, and "[h]is below average scores ranged from less than 4 years, 0 months for picture vocabulary to 7 years, 0 months for oral vocabulary." *Id*. Claimant asserts that "[w]ith evidence of [his] delayed abilities and below age-equivalence it was incumbent upon Defendant to further develop the record." *Id*. As support for the argument, Claimant cites to *Borgens v. Soc. Sec. Admin.*, 164 F.Supp. 2d 1309, 1312 (M.D. Fla. 2001), wherein he contends that the court found that the ALJ erred in failing to determine the significance of a child's low test scores and held that the ALJ failed to "fully develop the record." *Id*. Claimant concludes that his test scores are several years below his age equivalence and there was no inquiry regarding the significance of the scores and remand is warranted to further develop this record. *Id*.

"It is well-established that the ALJ has a basic duty to develop a full and fair record." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(d)). "Nevertheless, the claimant bears the burden of proving that he [or she] is disabled, and, consequently, he is responsible for producing evidence in support of his [or her] claim." *Ellison*, 355 F.3d at 1276 (citing 20 C.F.R. § 416.912(a); 20 C.F.R. § 416.912(c)). To remand a case for the ALJ's failure to fully develop the record, "there must be a showing of prejudice." *Hurley v. Comm'r of Soc. Sec.*, 147 Fed.Appx. 103, 105 (11th Cir. 2005) (quoting *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995)). In determining whether it is necessary to remand a case for development of the record, the Court considers "whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) (internal quotation marks omitted).

As an initial matter, the Court finds that Claimant has waived his argument because it is perfunctory in nature. While Claimant mentions his age equivalent scores and includes a citation

to one case, his argument on this issue offers no discussion of where the test scores come from, how exactly they relate to the assessment of the six domains, or how the facts of this case actually relate to the cited authority. Instead, Claimant summarily concludes that there was no inquiry regarding the significance of the scores and, therefore, the case should be remanded.

In other words, the Court agrees with the Commissioner that Claimant does not contest the ALJ's finding that his impairments did not meet or medically equal a listed impairment nor does he contest any of the ALJ's findings that Claimant had less than marked limitations in the domains of acquiring and using information, attending and completing tasks, interacting and relating with others, and moving about and manipulating objections, and no limitations in the domains of caring for himself and health and physical well-being. *Id*. at 13. As such, any challenge to the ALJ's decision with regard to these findings is deemed waived. *Jacobus v. Comm'r of Soc. Sec.*, 2016 WL 6080607, at *3 n.2 (11th Cir. 2016) (stating that claimant's perfunctory argument was arguably abandoned); *see also Allen v. Comm'r of Soc. Sec.*, 2020 U.S. Dist. LEXIS, at *14 (Jan. 17, 2020) (finding that the claimant's apparent perfunctory argument that the ALJ erred based on a failure to develop the record was deemed waived.).

Assuming waiver did not occur, Claimant still fails to demonstrate that remand is warranted. A review of the record reflects that the October 2015 test score is a part of a "Speech and Language Report and Plan of Care" which was done based on the Goldman-Fristoe Test of Articulation, clinical observation, and therapy notes collection. R. 302. As Claimant states, the test reflects that he was 7 years and 3 months old at the time but had a test age equivalent of 5 years and 1 month. *Id*. This report and plan is a part of a larger record at Exhibit 2F that reflects that earlier in April 2015, a treating therapist conducted a "Speech and Language Re-evaluation and Plan of Care" and recommended that Claimant continue to receive speech and language

intervention 1 time per week, for 60 minute sessions. R. 296. After the October 2, 2015 evaluation at issue, Claimant was referred, or continued to be referred, to speech therapy. R. 300-305.

Then in June 2016, a "Speech and Language Evaluation Report" was completed which evaluated Claimant's age equivalency with a Global Language Test, TOLD: P-4, and includes an assessment of speech intelligibility. R. 363-369 at Exhibit 7F.

With respect to these records the ALJ stated the following:

> The claimant's medical record is also significant for a history of speech disorder. More specifically, on April 27, 2015, the claimant was placed in speech therapy, and the speech therapy explained that speech and language therapy was necessary (Exhibit 2F/15). On June 9, 2017, a progress note indicated that the claimant no longer qualified for speech therapy (Exhibit 19F/14).[1]
>
> On June 16, 2016, the claimant underwent a speech and language evaluation (Exhibit 7F/2). In the evaluation report, the speech pathologist noted that the claimant's social interaction was within normal limits, he was cooperative, his response rate was within normal limits, emotional regulation was normal, level of activity was normal, and although he was distractible, he was OK after redirection (Exhibit 7F/2). At the end of the evaluation, the speech pathologist concluded that the claimant's speech intelligibility was between 90 to 100% even to the unfamiliar listener (Exhibit 7F/7).

R. 23-24. Moreover, with regard to the attending and completing tasks and interacting and relating to others domains, the ALJ considered the June 16, 2016 evaluation. R. 28, 30.

As such, even though the ALJ did not specifically discuss the age equivalence scores included within the evaluations, she clearly reviewed and addressed the record on speech and language development especially with respect to the June 2016 examination at issue in Claimant's argument. *See* R. 23-24. While Claimant states that the test scores are evidence of "delayed abilities," he fails to address how the ALJ's findings with respect to the six domains was not supported by substantial evidence or otherwise carry his burden of proving that he was disabled.

---

[1] The 2017 record states that "[h]e no longer qualifies for speech therapy but will be re-evaluated in 6 months."

Namely, Claimant has failed to show prejudice or that the record contains any evidentiary gaps and, therefore, the Court is not persuaded that the ALJ failed to satisfy her duty to develop the record. In sum, even assuming there is an evidentiary gap in the record, Claimant has failed to demonstrate that such gaps resulted in unfairness or clear prejudice.

### B. Issue No 2: Whether Defendant failed to give proper weight to Claimant's pediatric neurologist in her findings regarding Claimant's impairments.

Claimant states that he submitted a letter to the Appeals Council from Dr. Kojic, his treating neurologist. Doc. 37 at 16. Claimant contends that he was treated at the Child Neurology Center of Orlando since 2014 with more frequent appointments in 2017 and 2018 where he was prescribed medications for his condition. *Id*. Claimant asserts that the letter states that he has significant impairment in social, occupation, or other important areas of current functioning. *Id*. The record reflects that Dr. Kojic states in the letter that it is recommended that Claimant receive applied behavioral analysis therapy (ABA) and his "symptoms cause clinically significant impairment in social, occupational, or other important areas of current functioning." R. 13.

Claimant states that the Appeals Council found that the evidence, which is the letter, did not show a reasonable probability that it would change the outcome of the decision. *Id*. Claimant argues that "[h]er opinion must be given considerable weight or explanation as to why it is not given considerable weight." *Id*. Claimant adds that further development is warranted regarding the opinion as to whether these significant impairments qualify under 20 C.F.R. § 416.926a(e)(4) for disability. *Id*. at 16-17.

The Court is not persuaded. A claimant is generally permitted to present new evidence at each stage of the administrative process. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007). The Appeals Council must consider evidence that was not presented to the ALJ when that evidence is new, material, and chronologically relevant. *Id.*; *see* 20 C.F.R. §

404.970(a)(5). A piece of evidence is new if it is not cumulative of other evidence in the record, *see Robinson v. Astrue*, 365 F. App'x 993, 996 (11th Cir. 2010), it is material if "there is a reasonable possibility that the new evidence would change the administrative outcome," *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987), and it is chronologically relevant if it "relates to the period on or before the date of the [ALJ's] hearing decision," 20 C.F.R. § 404.970(a)(5).

The Appeals Council must grant the petition for review if the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Ingram*, 496 F.3d at 1261.  However, the Appeals Council has the discretion to refuse review of the ALJ's decision denying benefits. *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015). If the Appeals Council considers new evidence but denies review, the Appeals Council is not required to articulate its reasons for denying review. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784-85 (11th Cir. 2014).  If a claimant challenges the Appeals Council's denial, the reviewing court must determine whether the new evidence renders the denial of benefits erroneous. *Id.* at 785 (citing *Ingram*, 496 F.3d at 1262).

Here, the Appeals Council denial of the request for review states the following:

> You submitted a statement from Jasna Kojic, M.D. dated January 22, 2019 (2 pages).  We find this evidence does not show a reasonable probability that it would change the outcome of the decision.  We did not exhibit this evidence.

R. 2.

Since the Appeals Council found made this finding, it clearly determined that the letter was not material. *See Hyde*, 823 F.2d at 459.  The Court agrees with the Commissioner that the Appeals Council considered the letter but denied review and, therefore, was not required to articulate its reasons for denying the review.  So, despite Claimant's argument to the contrary, the Appeals Council was not required to "give considerable weight or explanation as to why it is not given

considerable weight" nor is "further development" required. The Appeals Council considered the new record when it made its decision and that document is within the administrative record. Any challenge based on the sufficiency of the Appeals Council's explanation does not entitle Claimant to relief.

Further, Claimant does not provide a discussion of how the evidence changes the outcome of the ALJ's decision. Claimant mentions that the letter states that he has significant impairment in social, occupation, or other important areas of current functioning, but he does not offer any analysis on how the letter is material or otherwise changes the decision. As such, the Court does not find any basis to conclude that the denial of benefits was erroneous.

## CONCLUSION

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

2. The Clerk is directed to enter judgment for the Commissioner and close the case.

**ORDERED** in Orlando, Florida on February 4, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE